CASE NO. 08-C-97                                                           OPENED 3/12/2008

JUDGE...    GINA CROH

PLAINTIFF.  ERIC INSURANCE PROPERTY & CASUALTY CO.  SBRGE OF DAVID BODKIN
VS DEFENDANT.  DONALD JENKINS

PRO ATTY..  LUCIEN G. IRWIN
DEF ATTY...

| PAGE# | DATE | MEMORANDUM.................... |
|-------|------|-------------------------------|
| 00001 | 3/12/08 | case info sht,rcpt,cvr ltr |
| 00002 | 3/12/08 | complnt |
| 00003 | 3/12/08 | smmns & complnt mld to sec of state 4 prcss d.jenkins |
| 00004 | 3/12/08 | smmns & complnt retrnd to attrny 4 prvt prcss d.jenkins |
| 00005 | 3/19/08 | rcpt 7664 $2.50 c.schelle 4 copies |
| 00006 | 4/02/08 | legal ntc frm sec state, rtn smmns for d.jenkins; rtn cert.. |
| 00007 | 4/02/08 | .ml card for d.jenkins smgd j.jenkins 3/25/08 |
| 00008 | 4/17/08 | case info,answr frm dfndt d.jenkins,cos r.rossi |


EXHIBIT

# CERTIFICATION OF CIRCUIT CLERK

## STATE OF WEST VIRGINIA, COUNTY OF JEFFERSON

---

Clerk's Office of the Circuit Court
Of Jefferson County,
At Charles Town, in said State,

I, **PATRICIA A. NOLAND,** Clerk of said Court, having by law the custody of the seal, and all papers, books, documents and papers of or pertaining to said court, hereby certify the paper hereto annexed to be a true copy appertaining to said Court, and on file and of record in said office, to-wit:

CIVIL CASE NUMBER 08-C-97

IN THE MATTER OF ERIE INSURANCE PROPERTY & CASUALTY CO.,AS SUBROGEE OF DAVID BODKIN , PLAINTIFF VS: DONALD JENKINS DEFENDANT

COPY OF THE ENTIRE RECORD

In attestation whereof I have
hereunto set my hand and affixed
the seal of said Court this April 18, 2008.

**PATRICIA A. NOLAND,** Clerk

By: _____
    **Deputy Clerk**

# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

RECEIVED

MAR 1 2 2008

JEFFERSON COUNTY
CIRCUIT COURT

In the Circuit Court, _____Jefferson_____ County, West Virginia

**I  CASE STYLE**

**Plaintiff**

Erie Insurance Property & Casualty Company, as subrogee of David Bodkin

100 Erie Insurance Pl

Erie, PA 16530

**vs.**

**Defendant**

Donald Jenkins

108 Ash Hollow Dr
                        Street

Winchester, VA 22602-6133
                        City, State, Zip

Original and _____3_____ copies of complaint furnished herewith

Case #   08-C- 97

Judge _____

| Days to Answer | Type of Service |
|---|---|
| 30 | Security of State *and* Private Process, Return to Attorney |

Smmns & complnt mld To Sec of State
D. Jenkins 3/12/2008 80
Smmns & complnt retrnd to attrny for
Private press D. Jenkins 3/12/2008

MA4861042 1

| PLAINTIFF | Erie Insurance Property & Casualty Company, as subrogee of David Bodkin | CASE NUMBER |
| DEFENDANT | Donald Jenkins | 08-C-09 |

**II TYPE OF CASE**

| TORTS | OTHER | CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| X Other Tort | ☐ Appeal of Administrative Agency | |

**III** JURY DEMAND   X Yes   ☐ No

CASE WILL BE READY FOR TRIAL BY *(Month/Year)*        March   /   2008

**IV** DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   ☐ Yes  X No

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other _____

| Attorney Name | Lucien G Lewin (WV #2195) | Representing |
| Firm | Steptoe & Johnson PLLC | X  Plaintiff   ☐ Defendant |
| Address | Steptoe & Johnson PLLC P O Box 2629 Martinsburg, WV 25402-2629 | ☐ Cross-Complainant   ☐ Cross-Defendant |
| | | Dated   March 1?, 2008 |
| Telephone | (304) 263-6991 | Signature |

☐ Pro Se

MA4861042 1

JEFFERSON COUNTY

March 12, 2008

Received of STEPTOE & JOHNSON                                    $150.00

The exact sum of One Hundred Fifty Dollars and No Cents


Plaintiff: ERIE INSURANCE PROPERTY & CASUALTY CO. SBAGE OF DAVID BODKIN
Defendant: DONALD JENKINS

Payment type: Check            Check# 1887

Case number: 08-C-97

Transaction conducted at:              PATRICIA NOLAND, CIRCUIT CLERK

JEFFERSON COUNTY,
CHARLES TOWN   WV   25414          Deputy

DISTRIBUTION OF FUNDS...
  4003 POSTAGE                     5.00        4001 CLERKS FEES - OTHER      30.00
  4008 RJA - CIVIL ($60-CIV       60.00        4008 CSF - CIVIL ($5          5.00
  4015 CV CIVIL LEGAL SERVI       10.00        4017 CFIA ($25-BOND: $10-    30.00
  4018 RJO PARTIAL REIMBURS       20.00



STEPTOE &
JOHNSON PLLC
ATTORNEYS AT LAW

1250 Edwin Miller Boulevard, Suite 300
PO Box 2629
Martinsburg, WV 25402-2629
(304) 263-6991    (304) 262-3541 Fax
www.steptoe-johnson.com

Writer's Contact Information

(304) 262-3528
Lucien.Lewin@steptoe-johnson.com

RECEIVED
MAR 12 2008
JEFFERSON COUNTY
CIRCUIT COURT

March 11, 2008

Ms. Patricia Noland, Clerk
Jefferson County Circuit Court
110 North George Street
P.O. Box 1234
Charles Town, WV 25414

Re:    Erie Insurance Property & Casualty Company,
       as subrogee of David Bodkin v. Jenkins
       Civil Action No. 08-C-
       Circuit Court of Jefferson County, West Virginia

Dear Ms. Noland:

Please find enclosed for filing the Civil Case Information Statement, Summons, and Complaint together with a check in the amount of $150.00 for $145.00 filing fee and $5.00 for service upon Secretary of State, and a check to the Secretary of State in the amount of $20.00 for service upon the Secretary of State. Please return to me a copy of the summons and complaint for individual service.

Very truly yours,

Lucien G. Lewin

LGL/sab
Enclosures:
Civil Case Information Statement- Original +1
Complaint- Original +3
Summons- Original +6

265310 00510

MA4861083 1


TERRALEX

March 12, 2008   Jefferson County

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

**ERIE INSURANCE PROPERTY
& CASUALTY COMPANY, as subrogee of
DAVID BODKIN,**

**RECEIVED**

**MAR 1 2 2008**

JEFFERSON COUNTY
CIRCUIT COURT

**Plaintiff,**

**v.**

**CIVIL ACTION NO. 08-C-97**

**DONALD JENKINS,**
108 Ash Hollow Dr., Winchester, Va 22602-6133,

**Defendant.**

## COMPLAINT

For the Complaint, the Plaintiff states as follows:

### PARTIES

1.      The Plaintiff, Erie Insurance Property and Casualty Company ("Erie"), is a corporation organized under the laws of Pennsylvania and conducting and authorized to conduct business in the State of West Virginia.

2.      The Defendant, Donald Jenkins,  upon information and belief, resides at 108 Ash Hollow Dr., Winchester, Va 22602-6133,.

### JURISDICTION

3.      This is a civil action seeking damages in excess of three hundred dollars and this Court has jurisdiction pursuant to W. Va. Code § 51-2-2.  Defendant is subject to long arm jurisdiction under W.Va. Code §51-3-3 as a result of transacting business in this state, causing tortious injury by an action or omission in this state and otherwise as set forth in such statute and this Complaint.

### VENUE

MA4857878 I

4.      Since the cause of action arose in Jefferson County and the insured property at interest in this case is located in Jefferson County, West Virginia, this Court has venue over this civil action pursuant to W.Va. Code § 56-1-1(a)(1) and (5).

## FACTS

5.      The defendant, Donald Jenkins at all relevant times herein operated a business as an electrical contractor and lives and resides in Winchester, however, he conducted the business of electrical contacting in Jefferson County, West Virginia and caused injury at said location.

6.      David Bodkin is the owner of property located at 2268 Berryville Pike, Rippon, Jefferson County, West Virginia ("Bodkin residence")  and David Bodkin was insured by the plaintiff, Erie Insurance Property and Casualty Company at all relevant times herein.

7.      During the year 2005 and year 2006, David Bodkin contracted with  Donald Jenkins to install new wiring and to repair old wiring at the Bodkin residence and pursuant to such contract, Donald Jenkins performed electrical wiring work at the Bodkin residence above described.

8.      A fire originated between the ceiling of the first floor and floor of the second floor in the air ventilation area on March 17, 2006 which caused extensive property damage to the Bodkin residence.

9.      After the fire of March 17, 2006 during inspections of the property conducted later in 2006 at the site it was discovered that negligent, unsafe and unworkmanlike work

MA4857878 1

2

March 12 2008 Jefferson County

and repairs made by Donald Jenkins for David Bodkin to wires in a ventilation area caused combustion and the fire which damaged the Bodkin residence.

## COUNT I  BREACH OF CONTRACT

9.      Donald Jenkins pursuant to his contract with David Bodkin had a duty to perform his work in a safe, good and workman like manner.

10.     Donald Jenkins breached his duty to perform his work in a safe, good and workman like manner causing the loss and damages all of which was reasonably foreseeable.

11.     That Donald Jenkins is liable to David Bodkin and his subrogee, Erie, for such breach of contract.

## COUNT II NEGLIGENCE

12.     David Bodkin had a duty to perform the work at the Bodkin residence using reasonable care and in a safe and workman like manner.

13      The repairs and work were not performed in a careful, safe and workmanlike manner and according to proper electrical standards and Donald Jenkins breached his duty to perform his work in a careful, safe and workman like manner and his negligent, careless, unsafe and unworkmanlike work and performance resulted in and caused damage to the Bodkin residence.

14.     Further, Donald Jenkins performed work in a negligent, unsafe and unworkmanlike manner in respect to his wiring installation and repairs and violated electrical standards and practices in many ways including but not limited to the following:

        a.      improper wiring splicing and connection methods;

MA4857878 1                                    3

March 12 2008  Jefferson County

b.  wire nut splices without an approved junction box;

c.   unsecured nob and tube wiring left unsecured and unprotected;

d.  lack of proper insulating, securing, supporting and separation from combustible materials;

e.  violation of Nationool Fire Protection Code (NFPA 70) including but not limited to Articles 90(A), 90(B), 110.8, 110.12, 110.14, 300.4, 300.4(D), 300.15, 300.16(A), 334.12(B) and 334.30.

15.  As a result of the negligent, unworkmanlike and unsafe repairs in violation of existing standards, practices and codes made by Defendant, Donald Jenkins a fire resulted causing damage and losses of March 17, 2006 ensuing thereafter including but not limited to property damage, loss of income and loss of use of the residence.

## COUNT III SUBROGATION

16.  The fire at the Bodkin residence caused fire, water, and smoke damage to the Bodkin residence, and as a result of this damage, Erie Insurance Property and Casualty Company has paid its insured under the terms of the insurance policy.

17.  Erie Insurance Property and Casualty Company, pursuant to their insurance contract with David Bodkin and as the insurer of the property located at 2268 Berryville Pike, Rippon, Jefferson County, West Virginia has made its insured, David Bodkin, whole by issuing the insured checks in the amounts of One Hundred and Seven Five Hundred Fifty-Three and 89/100 Dollars ($107, 553.89) Dollars for the property damage caused by the said fire and to have the said property repaired or replaced  and Seven Thousand and 00/100 Dollars ($7000.00) to compensate David Bodkin for loss of use and rents resulting

MA4857878 1                                         4

March 12, 2008  Jefferson County

from the fire which caused damage to the Bodkin residence which rendered the residence unhabitable for a periods of time after the fire.

18.     Erie Insurance Property and Casualty Company, having acquired subrogation rights against the defendant, demands full restitution for the amount of insurance paid to the insured on the ground that the direct and proximate result of the property damage caused by fire at the Bodkin residence was due to the negligent, unsafe and unworkmanlike conduct on the part of the defendant, Donald Jenkins.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, having been subrogated to the rights of the insured against the defendant, demands judgment in the amount of One Hundred Fourteen Thousand Five Hundred Fifty-three and 89/100ths Dollars ($114,553.89), plus attorneys' fees, costs, pre- and post-judgement interest, this sum being the amount to which Erie Insurance Property and Casualty Company is entitled.   The plaintiff further demands a trial by jury.

ERIE INSURANCE PROPERTY AND
CASUALTY COMPANY
BY COUNSEL

Lucien G. Lewin, Esquire [WV Bar #2195]
1250 Edwin Miller Boulevard
Post Office Box 2629
Martinsburg, West Virginia 25402
Phone: (304) 262-3528

STEPTOE & JOHNSON
Martinsburg, West Virginia
    Of Counsel

MA4857878 1

5

March 12, 2008   Jefferson County

File
smms & comph
mud to sec of st.
press
D.Jenkins
2/12/2008 BB

# SUMMONS

## CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY, as subrogee of**
**DAVID BODKIN,**

        **Plaintiff,**

v.                                            Civil Action No. 08-C-97

**DONALD JENKINS,**
108 Ash Hollow Dr., Winchester, VA 22602-6133

        **Defendant.**

To the above named Defendant:    108 Ash Hollow Dr.
                                         Winchester, VA 22602-6133

## IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon **Lucien G. Lewin,** Plaintiff's

Attorney, whose address is **Steptoe & Johnson, P.O. Box 2629 Martinsburg, WV 25402** an

answer, including any related counter claim or defense you may have, to the complaint filed against

you in the above styled civil action, a true copy of which is herewith delivered to you.  You are

required to serve your answer within 30 days after service of this summons upon you, exclusive of

the day of service.  If you fail to do so, thereafter judgment by default will be taken against you for

the relief demanded in the complaint and you will be thereafter barred from asserting in another

action any claim you may have which must be asserted by counterclaim in the above styled civil

action.

Dated: _____

                                                        Patricia Noland, Clerk of the Court

                                  By:_____
                                           DEPUTY CLERK

MA4860966 1

March 12, 2008  Jefferson County

*handwritten margin note:* File Smmns complnt retrnd to att for p press D. Jenkins 3/12/2008

# SUMMONS

## CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY, as subrogee of**
**DAVID BODKIN,**

          **Plaintiff,**

v.                                          **Civil Action No. 08-C-97**

**DONALD JENKINS,**
**108 Ash Hollow Dr., Winchester, VA 22602-6133**

          **Defendant.**

**To the above named Defendant:**    **108 Ash Hollow Dr.**
                                    **Winchester, VA 22602-6133**

## IN THE NAME OF THE STATE OF WEST VIRGINIA:

      You are hereby summoned and required to serve upon **Lucien G. Lewin,** Plaintiff's

Attorney, whose address is **Steptoe & Johnson, P.O. Box 2629 Martinsburg, WV 25402** an

answer, including any related counter claim or defense you may have, to the complaint filed against

you in the above styled civil action, a true copy of which is herewith delivered to you. You are

required to serve your answer within 30 days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, thereafter judgment by default will be taken against you for

the relief demanded in the complaint and you will be thereafter barred from asserting in another

action any claim you may have which must be asserted by counterclaim in the above styled civil

action.

Dated: _March 12, 2008_

                                       *Patricia A. Noland*
                                    Patricia Noland, Clerk of the Court

                              By _[signature]_
                                    DEPUTY CLERK

MA4860966 1

March 18, 2008  Jefferson County

March 18, 2008

$2.50

CRYSTAL SCHELLE

Is the act sum of Two Dollars and 50 Cents

For.........: CRYSTAL SCHELLE - CI
Payment type: CASH
Case number.: 06-P-25
Plaintiff...: ERIE INSURANCE PROPERTY & CASUALTY CO. SBRGE OF DAVID BODKIN
Defendant...: DONALD JENKINS

Transaction conducted at:
JEFFERSON COUNTY COURTHOUSE
CHARLES TOWN   WV   25414

Distribution to Accounts...
TYPE COPIES                        2.50

PATRICIA NOLAND, CIRCUIT CLERK

Deputy _____

April 2, 2008  Jefferson County

## OFFICE OF THE SECRETARY OF STATE
### STATE OF WEST VIRGINIA

RECEIVED

APR - 2 2008



JEFFERSON COUNTY
CIRCUIT COURT

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com



**Betty Ireland**
Secretary of State

# LEGAL NOTICE

Patricia Noland, Circuit Clerk
Jefferson County Courthouse
PO Box 1234
Charles Town, WV 25414-1072

March 28, 2008

Civil Action: 08-C-97

I am enclosing:

| | | |
|---|---|---|
| ____ summons | _1_ | original |
| ____ notice | ____ | affidavit |
| ____ order | ____ | answer |
| ____ petition | ____ | cross-claim |
| ____ motion | ____ | counterclaim |
| ____ interrogatories | ____ | request |
| ____ suggestions | _1_ | certified return receipt |
| ____ subpoena duces tecum | ____ | request for production |
| ____ summons and complaint | ____ | request for admissions |
| ____ summons returned from post office | ____ | no return from post office |
| ____ summons and amended complaint | ____ | notice of mechanic's lien |
| ____ 3rd party summons and complaint | ____ | suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of Donald Jenkins.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact  Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper  Please do not call the Secretary of State's office*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

April 2, 2008, Jefferson County

**RETURN**

## SUMMONS

### CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

**ERIE INSURANCE PROPERTY
& CASUALTY COMPANY,** as subrogee of
**DAVID BODKIN,**

RECEIVED

APR - 2 2008

JEFFERSON COUNTY
CIRCUIT COURT

          **Plaintiff,**

**v.**

Civil Action No. 08-C- 99

**DONALD JENKINS,**
108 Ash Hollow Dr., Winchester, VA 22602-6133

          **Defendant.**

To the above named Defendant:    108 Ash Hollow Dr.
                                Winchester, VA 22602-6133

**IN THE NAME OF THE STATE OF WEST VIRGINIA:**

    You are hereby summoned and required to serve upon **Lucien G. Lewin,** Plaintiff's

Attorney, whose address is **Steptoe & Johnson, P.O. Box 2629 Martinsburg, WV 25402** an

answer, including any related counter claim or defense you may have, to the complaint filed against

you in the above styled civil action, a true copy of which is herewith delivered to you. You are

required to serve your answer within 30 days after service of this summons upon you, exclusive of

the day of service. If you fail to do so, thereafter judgment by default will be taken against you for

the relief demanded in the complaint and you will be thereafter barred from asserting in another

action any claim you may have which must be asserted by counterclaim in the above styled civil

action.

Dated: *[handwritten] April 12, 2008*

*[signature]*

Patricia Noland, Clerk of the Court

By: *[signature]*

MA4860966 1

```
            WV Secretary of State
...........................................
Receipt #:                          732029
Station ID:                            M81

List Of Services
...........................................
sp s   s   donald jenkins           $20.00

                                    $20.00
Total:

Payment Details:
...........................................
steptoe & johnson                   $20.00
k  18877
...........................................

Original Transaction Date:      03/18/2008

        Thank You For Your Business!
```

| 2 Article Number | A Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|---|
| **7160 3901 9845 5842 3768** | | 3-25 |
| | C Signature X _Jessie Jenkins_ | ☐ Agent ☐ Addressee |
| | D Is delivery address different from Item 1? If YES, enter delivery address below: | ☐ Yes ☐ No |

3 Service Type **CERTIFIED MAIL**

4 Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to
08-C-97
Donald Jenkins
108 Ash Hollow Drive
Winchester, VA 22602-6133

PS Form 3811, January 2005     Domestic Return Receipt

April 17, 2008   Jefferson County

# CASE INFORMATION STATEMENT
# CIVIL CASES
## (Other than Domestic Relations)

RECEIVED

APR 1 7 2008

JEFFERSON COUNTY
CIRCUIT COURT

*In the Circuit Court of Jefferson County, West Virginia*

## I.  CASE STYLE:

*Plaintiff(s)*                                          Case #          08-C-97

*ERIE INSURANCE PROPERTY &*                  Judge

*CASUALTY COMPANY, as subrogee of*

*DAVID BODKIN*

*vs.*                                                   Days to

*Defendant(s)*                                     Answer          Type of Service
*DONALD JENKINS*

Street

City, State, Zip

Original Answer to Complaint furnished herewith.

| PLAINTIFF: Erie Insurance Property & Casualty Company, as subrogee of David Bodkin <br> DEFENDANT: Donald Jenkins | CASE NUMBER: 08-C-97 |
|---|---|

## II. TYPE OF CASE:

☒ General Civil

☐ Mass Litigation
   (As defined in T.C.R. Rule XIX(c))

   ☐ Asbestos
   ☐ Carpal Tunnel Syndrome
   ☐ Diet Drugs
   ☐ Environmental
   ☐ Industrial Hearing Loss
   ☐ Silicone Implants
   ☐ Other: _____

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

☐ Adoption

☐ Administrative Agency Appeal

☐ Civil Appeal from Magistrate Court

☐ Miscellaneous Civil Petition

☐ Mental Hygiene

☐ Guardianship

☐ Medical Malpractice

## III. JURY DEMAND:   ☒ Yes   ☐ No

   CASE WILL BE READY FOR TRIAL BY *(MONTH/YEAR)*   _4/09_

## IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ☐ YES ☒ NO

   ☐ Wheelchair accessible hearing room and other facilities
   ☐ Interpreter or other auxiliary aid for the hearing impaired
   ☐ Reader or other auxiliary aid for the visually impaired
   ☐ Spokesperson or other auxiliary aid for the speech impaired
   ☐ Other:_____

*Attorney Name:* __Ronald S. Rossi__       ***Representing:***

*Firm:* __Martin & Seibert, L.C._____       ☐ *Plaintiff*   ☒ *Defendant*

*Address:* __1453 Winchester Ave., Martinsburg, WV 25405__       ☐ *Cross-Complainant*   ☐ *Cross-Defendant*

*Telephone:* __304-262-3289_____       *Dated:* __April 17, 2008__

*Signature*

☐ *Proceeding Without an Attorney*

April 17, 2008  Jefferson County

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA ~~RECEIVED~~

**RECEIVED**

**APR 1 7 2008**

...SON COUNTY
.CUIT COURT

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY, as subrogee of**
**DAVID BODKIN,**

      Plaintiff,

      v.                                    **CIVIL ACTION NO. 08-C-97**

**DONALD JENKINS,**

      Defendant.

## ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW,** Donald Jenkins, by and through his counsel, Martin & Seibert, L.C., and as his answer to the Plaintiff's Complaint, does state as follows:

### FIRST DEFENSE

1.      The Defendant admits the statements and allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.      The Defendant admits the statements and allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.      Paragraph 3 of the Plaintiff's Complaint sets forth a legal conclusion to which no responsive pleading is required. However, to the extent a response is or may be deemed required, the Defendant denies the statements and allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.      Paragraph 4 of the Plaintiff's Complaint sets forth a legal conclusion to which no responsive pleading is required. However, to an extent a response is or may be deemed required, the statements and allegations contained in Paragraph 4 of the Plaintiff's Complaint are admitted.

5.     The Defendant denies the statements and allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.     The Defendant lacks sufficient knowledge and information to either admit or deny the statements and allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.     With regard to the statements and allegations contained in Paragraph 7 of the Plaintiff's Complaint, the Defendant admits that he was contacted to perform certain electrical work at the subject residence.  To the extent the statements and allegations differ from or go beyond this specific admission, those allegations are denied.

8.     The Defendant denies the statements and allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.     The Defendant denies the statements and allegations contained in the first Paragraph 9 of the Plaintiff's Complaint.

9.     The second Paragraph 9 of the Plaintiff's Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a response is or may be deemed required, the Defendant denies the statements and allegations contained in the second Paragraph 9 of the Plaintiff's Complaint.

10.    The Defendant denies the statements and allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.    The Defendant denies the statements and allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.    Paragraph 12 of the Plaintiff's Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a response is or may be deemed

required, the Defendant denies the statements and allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.    The Defendant denies the statements and allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.    The Defendant denies the statements and allegations contained in Paragraph 14 and all of its subparts of the Plaintiff's Complaint

15.    The Defendant denies the statements and allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.    Upon information and belief, the Defendant admits the statements and allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.    The Defendant lacks sufficient knowledge or information to either admit or deny the statements and allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18.    The Defendant denies the statements and allegations contained in Paragraph 18 of the Plaintiff's Complaint.

## SECOND DEFENSE

The Defendant reserves his right to test the legal sufficiency of the Plaintiff's claims and, therefore, asserts that some or all of the allegations fail to state a cause of action upon which relief can be granted.

## THIRD DEFENSE

The Defendant affirmatively asserts the defense of comparative contributory negligence.

## FOURTH DEFENSE

The Defendant affirmatively asserts the negligence of David Bodkin or others not named as parties to this lawsuit are the proximate cause of the damages asserted in the Complaint and further that the actions or inactions of Donald Jenkins were not the proximate cause of said damages.

## FIFTH DEFENSE

The Defendant affirmatively asserts that the Plaintiff has failed to join a person or persons required for adjudication of this matter.

## SIXTH DEFENSE

The Defendant reserves unto itself those other such defenses enumerated by the West Virginia Rules of Civil Procedure including, but not limited to (1) lack of jurisdiction over subject matter; (2) lack of jurisdiction over the person; (3) insufficiency of process; and, (4) insufficiency of service of process, and reserves the rights to test these defenses as this case becomes more fully developed.

## SEVENTH DEFENSE

The Defendant asserts that he did nothing to cause or contribute to the fire which damaged the subject property.

**WHEREFORE,** the Defendant, Donald Jenkins, having answered the allegations set forth in the Plaintiff's Complaint and having asserted his defenses thereto, respectfully requests that this Court:

1.     Dismiss the allegations against the Defendant, with prejudice;

2.     Award the Defendant the cost of his defense, including attorney's fees if authorized by law; and,

3.    Grant such other and further relief as may be deemed just and proper.

## THE DEFENDANT HEREBY DEMANDS TRIAL BY JURY

**MARTIN & SEIBERT, L.C.**

Ronald S. Rossi
W. Va. Bar # 7544
Martin & Seibert, L.C.
1453 Winchester Avenue
P.O. Box 1286
Martinsburg, WV 25405 (25402)
Telephone: (304) 267-8985
Fax:  (304) 267-0731

April 17 2008, Jefferson County

## CERTIFICATE OF SERVICE

I, Ronald S. Rossi, Counsel for the Defendant, Donald, Jenkins, hereby certify that I served a true copy of the foregoing *Answer to Plaintiff's Complaint* upon the following individual, by placing the same in the U.S. Mail, First Class, postage prepaid, on this the 17th day of **April, 2008.**

**Lucien G. Lewin, Esquire**
**1250 Edwin Miller Boulevard**
**Post Office Box 2629**
**Martinsburg, WV 25402**

Ronald S. Rossi

pril 17, 2008  Jefferson County

RECEIVED

APR 17 2008

~SON COUNTY
CUIT COURT

# MARTIN & SEIBERT, L.C.

### ATTORNEYS      AT      LAW

Since 1908
1453 Winchester Avenue   Post Office Box 1286
Martinsburg, West Virginia 25402-1286
Telephone: (304) 267-8985   Telecopier. (304) 267-0731

Direct Dial:
Ronald S. Rossi– (304) 262-3289
E-mail: rsrossi@martinandseibert.com

April 17, 2008

Patricia Noland, Clerk
Circuit Court of Jefferson County, WV
Judicial Center
110 N. George Street
P.O. Box 1234
Charles Town, WV 25414

      RE:    *Erie Insurance Property & Casualty Company v. Jenkins*
               **Civil Action No.: 08-C-97**

Dear Ms. Noland:

    Enclosed herewith please find a *Civil Case Information Statement* and *Answer to Plaintiff's Complaint* for filing in the above-captioned case.  Should you have any questions, please feel free to contact me.

                    Very truly yours,

                    MARTIN & SEIBERT, L.C.

                    BY:
                      Ronald S. Rossi

RSR\tlb

Enclosure, as stated

cc.  Lucien G. Lewin, Esquire